■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO GUERRA, Appellant.—Judgment, Supreme Court, Bronx County (William T. Martin, J.), rendered January 10, 1989, convicting defendant, after a jury trial, of attempted murder in the second degree and sentencing him to an indeterminate term of imprisonment of 8 to 24 years, unanimously affirmed.

Over a period of approximately four hours, in a Bronx bar, the defendant told the complainant to "shut up", gave the complainant "dirty looks", and repeatedly brushed up against the complainant in a hostile manner. Defendant then drew a gun, dragged the complainant outside the bar and shot him twice. Complainant described the defendant in detail to the police officer who responded to the shooting, including defendant's age, weight, height, color of eyes and hair, and even that he spoke with an accent associated with a particular Carribean island.

The only issue at trial was identification, Defendant's major contention on appeal is that his constitutional right to a fair

trial was violated when the complainant and a police witness were permitted to testify to the details of the description given by the complainant after the shooting. The complainant's testimony at trial regarding details given by him to the police was probative of his ability to observe and remember his attacker, and thus was relevant to the complainant's in-court identification *(People v Huertas,* 75 NY2d 487, 492).

We do not reach the constitutional issue regarding the police testimony because it was not preserved by objections specifying that ground (CPL 470.05 [2]). We decline to consider the issue in the interest of justice in view of the overwhelming evidence of defendant's guilt.

With regard to the bolstering claim, even allowing that there was an error, we would find it harmless *(People v Johnson,* 57 NY2d 969). Bolstering by a police officer rarely constitutes reversible error, except where there is a danger that the jury will take the police officer's testimony as a substitute for identification by the eyewitness *(People v Middleton,* 159 AD2d 350, *lv denied* 76 NY2d 792). We find no such danger in this case *(see, People v Rice,* 75 NY2d 929).

We have considered the defendant's other contentions and find them to be without merit. Concur—Kupferman, J. P., Carro, Asch and Wallach, JJ.