■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLIN BURKE, Also Known as COLIN GRANT, Also Known as CRISS-CROSS, Appellant. [674 NYS2d 699] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered September 27, 1996, convicting him of criminal possession of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly concluded that the defendant did not have standing to contest the search of the stairs leading to the attic, in which cocaine had been secreted, as the defendant failed to prove that he had a reasonable expectation of privacy in that area (*see, Rakas v Illinois,* 439 US 128; *People v Wesley,* 73 NY2d 351, 356-359; *People v Ponder,* 54 NY2d 160, 165-166).

Contrary to the defendant's contentions, the photographic array was not unduly suggestive (*see, People v Chipp,* 75 NY2d 327, 335, *cert denied* 498 US 833; *People v Rodriguez,* 64 NY2d 738). The fillers in the other photographs of the array were sufficiently similar to the defendant in age, weight, build, skin tone, hairstyle, and facial hair so that there was little likelihood that the defendant would be singled out for identification by particular characteristics (*see, People v Keller,* 242 AD2d 735; *People v Watson,* 209 AD2d 461).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are without merit. Miller, J. P., O'Brien, Pizzuto and Friedmann, JJ., concur.