■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS BRADLEY, Appellant. [744 NYS2d 904] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered July 12, 1982, convicting him of murder in the second degree (two counts) and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Browne, J.), of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to meet their burden of proving his identity as the perpetrator of the crimes for which he was convicted is without merit. The two witnesses' observations of the defendant under adequate lighting conditions during the commission of the crimes enabled them to positively and accurately identify the defendant at trial (*see People v Godbolt,* 209 AD2d 540; *People v Hyatt,* 162 AD2d 713). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, although there were minor inconsistencies in the respective testimony of the witnesses, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant also contends that he was denied the effective

assistance of counsel. In resolving claims of ineffective assistance of counsel, the critical issue is whether, viewed in totality, the defense counsel provided meaningful representation (*see People v Baldi,* 54 NY2d 137, 147). The defendant's disagreement with the defense counsel's failure to demand a reopening of the *Wade* hearing (*see United States v Wade,* 388 US 218) does not amount to a deprivation of effective assistance of counsel (*see People v Benevento,* 91 NY2d 708, 712).

The defendant's remaining contentions are without merit. Santucci, J.P., Altman, S. Miller and McGinity, JJ., concur.