■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL PERKINS, Appellant. [763 NYS2d 489] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered May 16, 2001, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court correctly concluded that the lineup where he was identified was not impermissibly suggestive. There is no requirement that the participants in a lineup be nearly identical in appear-

ance (*see People v Chipp,* 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). Despite certain age and weight disparities, the fillers were sufficiently similar to the defendant in appearance so that he was not singled out for identification (*see People v Poey,* 260 AD2d 411 [1999]; *People v Longshore,* 249 AD2d 565 [1998]; *People v Pinckney,* 220 AD2d 539 [1995]). Consequently, that branch of the defendant's omnibus motion which was to suppress the lineup and in-court identification by the eyewitness was properly denied.

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Gaimari,* 176 NY 84, 94 [1903]). Moreover, the defendant was not deprived of his right to the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137 [1981]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Townes, Mastro and Rivera, JJ., concur.