■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO ROMAN, Appellant. [773 NYS2d 551]—

Judgment, Supreme Court, Bronx County (Peter Benitez, J.), rendered November 14, 2002, convicting defendant, after a jury trial, of two counts of robbery in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 18 years, unanimously affirmed.

The verdict was not against the weight of the evidence (see People v Bleakley, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning identification and credibility. The purported inconsistencies in the victim's description of the robber are readily explainable, and the evidence warrants the conclusion that she provided a consistent description that closely matched defendant's characteristics.

The challenged portions of the prosecutor's summation did not deprive defendant of a fair trial, and the court properly exercised its discretion in denying defendant's mistrial motion made after the summation. Although, as the People concede, the prosecutor should not have made a comment directed at defense counsel, the court's curative instruction prevented this isolated remark from causing any prejudice (see People v Santiago, 52 NY2d 865 [1981]). The other challenged remarks constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, made in response to defense arguments (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]).

The court properly admitted testimony about the victim's description of her assailant to a detective, since this evidence provided the jury with an opportunity to compare defendant's appearance with a description provided shortly after the crime (People v Huertas, 75 NY2d 487, 492-493 [1990]; People v Read, 228 AD2d 304, 305 [1996], lv denied 88 NY2d 1071 [1996]).

The court properly admitted a portion of a 911 tape as an excited utterance (see People v Johnson, 1 NY3d 302 [2003]; People v Edwards, 47 NY2d 493 [1979]). The record establishes that the victim was operating under the influence of a startling

event and had no time for studied reflection. Moreover, there was an added assurance of reliability since the victim was subject to cross-examination (*People v Caviness,* 38 NY2d 227, 232 [1975]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Mazzarelli, Sullivan, Friedman and Gonzalez, JJ.