THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAKIR HASAN, Appellant. [795 NYS2d 242]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered March 26, 2003, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (see People v Gaimari, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see People v Garafolo, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

The defendant was not denied a fair trial when the Supreme Court permitted the People to elicit testimony, pursuant to the excited utterance exception to the hearsay rule, that the complainant identified the defendant as the person who shot him approximately 10 minutes earlier. The complainant made the statement to a police officer while lying in the street, crying and bleeding profusely as a result of five gunshot wounds, including one to his face and another which bruised his spinal cord, causing temporary paralysis in his legs. The Supreme Court properly determined that the complainant made the statement while he was still "under the stress of excitement" caused by the shooting, and that, under the circumstances presented, there had not been sufficient time for the complainant to engage in "studied reflection" and deliberation (People v Edwards, 47 NY2d 493, 497 [1979]; see People v Cotto, 92 NY2d 68, 78-79 [1998]; People v Brooks, 71 NY2d 877 [1988]; People v Brown, 70 NY2d 513 [1987]; cf. People v Johnson, 1 NY3d 302 [2003]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Florio, J.P., Krausman, Luciano and Fisher, JJ., concur.