Donnell PERKINS, Petitioner–
Appellant,

v.

COMMISSIONER OF CORREC-
TIONAL SERVICES, Re-
spondent–Appellee.

No. 06–0608.

United States Court of Appeals,
Second Circuit.

Feb. 23, 2007.

Irving Anolik, New York, NY, for Appellant.

Karol B. Mangum, Assistant District Attorney, Kings County, Brooklyn, NY, for Appellee.

Present: ROSEMARY S. POOLER, PETER W. HALL, Circuit Judges, LEONARD B. SAND, District Judge.*

## SUMMARY ORDER

Donnell Perkins appeals the district court's denial of his application for a writ of habeas corpus. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues, and hold as follows.

■ The last state court to adjudicate on the merits Perkins's claim that his lineup identification should have been suppressed and the eyewitness not permitted to make an in-court identification of Perkins determined that the lineup was not "impermissibly suggestive" because "[d]espite certain age and weight disparities, the fillers were sufficiently similar to the defendant in appearance so that he was not singled out for identification." *People v. Perkins*, 307 A.D.2d 1001, 763 N.Y.S.2d 489 (2d Dep't 2003). After examining photographs of the lineup and an earlier photographic array, we conclude that the state appellate court adjudication neither "resulted in a decision that was contrary to,

or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Supreme Court has found lineups to be impermissibly suggestive only under extreme circumstances not present in this case. *See Foster v. California*, 394 U.S. 440, 443, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969) (holding that identification procedures were inherently suggestive where police first arranged a lineup in which "petitioner stood out from the other two men by the contrast of his height and by the fact that he was wearing a leather jacket similar to that worn by the robber"; then, when the first lineup did not produce a positive identification, arranged a showup that produced a tentative identification; and finally arranged another lineup in which petitioner was the only person who had also participated in the first lineup). In contrast, in this case, petitioner identified Perkins from a remarkably similar group of fillers in a photographic array. Only then was the witness shown a lineup containing Perkins and fillers generally similar to him in appearance. Therefore, the state appellate court did not unreasonably apply Supreme Court precedent in determining that Perkins's lineup procedure was not impermissibly suggestive, and we may not grant the writ based on the lineup identification. *See* 28 U.S.C. § 2254(d).

■ Assuming, without deciding, that Perkins exhausted his contention that the evidence was insufficient to support his conviction, this contention is without merit. In judging sufficiency, "the relevant ques-

* The Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, sitting by designation.

tion is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Perkins's challenge to sufficiency centers on the reliability and credibility of the sole eyewitness to the crime. Assuming that eyewitness testimony has been properly admitted, its credibility is for the jury. *See Foster,* 394 U.S. at 442 n. 2, 89 S.Ct. 1127. Some of Perkins's criticisms are unsupported by the record, and the remainder were vigorously pursued in cross-examination. Thus, the issue of the reliability and credibility of the eyewitness testimony was properly left for the jury to determine.

■ Perkins challenges as ineffective assistance of counsel his attorney's determination not to call as alibi witnesses Perkins's aunt and father as well as counsel's alleged failure to explore the testimony of additional potential witnesses. Trial counsel's affidavit adequately explains his strategic reasons for not calling the alibi witnesses and establishes that the other alleged witnesses were not actual witnesses to the crime. Counsel's decisions, seen in the context of his vigorous attack on the reliability of the identification of Perkins by the only eyewitness, fall within "the wide range of professionally competent assistance." *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore, Perkins's challenge to the effectiveness of his counsel's representation also fails.

In his brief, Perkins alludes to issues on which he was not granted a certificate of appealability; these issues are beyond our scope of review. *See Valverde v. Stinson,* 224 F.3d 129, 136 (2d Cir.2000) ("The only claims we may address on this appeal are those included in the certificate of appealability.").

We therefore affirm the judgment of the district court.