■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON MARAJDEEN, Appellant. [849 NYS2d 446]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered June 23, 2005, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, under the circumstances, the trial court properly permitted the People to elicit testimony from a detective regarding a statement made by the complainant in which he identified "Ramon" as the person who shot him. The record supports the court's conclusion that the statement was not made under the impetus of studied reflection, and was admissible under the excited utterance exception to the hearsay rule (*see People v Caviness*, 38 NY2d 227, 231-232 [1975]; *People v Hasan*, 17 AD3d 482 [2005]; *People v Brown*, 295 AD2d 442 [2002]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, since he failed to set

forth any specific ground as a basis for dismissal in the trial court (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]; *People v Lawson,* 40 AD3d 657, 658 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d at 644-645). Santucci, J.P., Lifson, Covello and Dickerson, JJ., concur.