■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO LINTON, Appellant. [878 NYS2d 201]—

Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Gary, J.), rendered November 17, 2005, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered November 17, 2005, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal possession of a weapon in the third degree.

Ordered that the judgment and the amended judgment are affirmed.

The defendant's contention that his conviction of murder in the second degree was not supported by legally sufficient evidence is unpreserved for appellate review, as defense counsel merely made a general motion for a trial order of dismissal based upon the People's alleged failure to make out a prima facie case (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484, 491-492 [2008]; *People v James,* 35 AD3d 762 [2006]; *People v Dieppa,* 285 AD2d 558 [2001]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Contrary to the defendant's contention, under the circumstances the trial court properly permitted the People to elicit testimony from a witness regarding a statement he made to the responding police officer as to the identity of the shooter (*see People v Caviness,* 38 NY2d 227, 231-232 [1975]; *People v Hasan,* 17 AD3d 482 [2005]; *People v Brown,* 295 AD2d 442, 442-443 [2002]; *see also People v Huertas,* 75 NY2d 487, 491-493 [1990]).

The trial court also properly admitted a police officer's testimony recounting a description of the shooter given to him by other witness shortly after the shooting. The testimony was properly admitted to assist the jury in evaluating that witness's opportunity to observe the perpetrator at the time of the crime (*see People v Huertas,* 75 NY2d 487, 493 [1990]; *People v Bryan,* 50 AD3d 1049, 1050-1051 [2008]; *People v Ragunauth,* 24 AD3d 472, 473 [2005]; *People v Ayala,* 298 AD2d 397, 398 [2002]).

The defendant failed to establish good cause for the assignment of a new trial attorney (*see People v Carpenter,* 28 AD3d 572 [2006]; *People v Linares,* 2 NY3d 507, 510 [2004]; *People v Sides,* 75 NY2d 822, 823 [1990]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Rivera, J.P., Balkin, Leventhal and Lott, JJ., concur.