THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TORREL SMITH, Appellant. [944 NYS2d 289]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Zambelli, J.), rendered July 27, 2010, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After a jury trial, the defendant was convicted of robbery in the first degree. The complainant had identified the defendant

in a lineup, and subsequently identified the defendant in court as the person who, with another unidentified man, had robbed him at gunpoint. The complainant testified that the defendant approached him and asked him for the time, and when the complainant took his cell phone out of his pocket, the defendant brandished a gun. The defendant's cohort came up from behind the complainant. The defendant demanded the complainant's cell phone and the complainant gave it to him. The defendant reached into the complainant's pockets and took from the complainant his money, his credit and debit cards, and his ID and bartending license. The defendant and his cohort then fled.

The defendant contends that the Supreme Court's ruling allowing the People to elicit testimony from police witnesses regarding the description given to them by the complainant of the perpetrator with the gun served to improperly bolster the complainant's identification testimony. This contention is unpreserved for appellate review insofar as it relates to Officer Burke's testimony, as the defendant registered only a general one-word objection to such testimony (*see generally People v Brooks*, 89 AD3d 746 [2011]; *People v Mullings*, 83 AD3d 871 [2011]). The defendant's argument that he was deprived of a fair trial under the state and federal constitutions is also unpreserved for appellate review since he did not raise this specific objection before the Supreme Court (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *see generally People v Wall*, 92 AD3d 812 [2012]; *People v Lynch*, 92 AD3d 805 [2012]).

In any event, the defendant's contentions are without merit. The challenged testimony was properly admitted to assist the jury in evaluating the complainant's opportunity to observe the perpetrator at the time of the crime and the jury was instructed to consider the testimony for this purpose alone (*see People v Ragunauth*, 24 AD3d 472 [2005]; *see also People v Linton*, 62 AD3d 722 [2009]; *People v Roman*, 5 AD3d 311 [2004]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Skelos, J.P., Florio, Eng and Roman, JJ., concur.