THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NARISH MIARAM, Appellant. [948 NYS2d 115]

The defendant's contention that the conviction of robbery in the first degree under count 16 of the indictment is not supported by legally sufficient evidence is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish his guilt of robbery in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are

satisfied that the verdict of guilt of robbery in the first degree under count 16 of the indictment was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the trial court erred, with respect to the conviction of robbery in the first degree under count 16 of the indictment, by not charging the affirmative defense to robbery in the first degree (*see* Penal Law § 160.15 [4]) is unpreserved for appellate review since counsel neither requested the charge nor objected to its absence (*see People v Trinh*, 254 AD2d 440 [1998]). In any event, the trial court properly determined that the defendant was not entitled to such a charge, which is warranted "when there is presented sufficient evidence for the jury to find by a preponderance of the evidence that the elements of the defense are satisfied, i.e., that the object displayed was not a loaded weapon capable of producing death or other serious physical injury" (*People v Gilliard*, 72 NY2d 877, 878 [1988]). Here, no such evidence was presented to the jury (*see People v Wells*, 63 AD3d 967, 968 [2009], *affd* 15 NY3d 927 [2010], *cert denied* 565 US —, 132 S Ct 123 [2011]).

Based upon the record before us, the defendant received the effective assistance of counsel (*see Strickland v Washington*, 466 US 668 [1984]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]; *People v Bradley*, 296 AD2d 464, 464-465 [2002]; *People v Walker*, 282 AD2d 628, 628 [2001]).

The sentence imposed was excessive to the extent indicated herein.

The defendant's contention, raised in his pro se supplemental brief, that the People committed a *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]) is without merit. His remaining contentions raised therein are unpreserved for appellate review and, in any event, without merit. Balkin, J.P., Hall, Lott and Cohen, JJ., concur.