[5 NE3d 972, 982 NYS2d 809]

The People of the State of New York, Respondent, v Torrel Smith, Appellant.

Argued November 13, 2013; decided December 17, 2013

**POINTS OF COUNSEL**

*The Legal Aid Society of Westchester County*, White Plains (*Salvatore A. Gaetani* and *John F. Ryan* of counsel), for appellant. I. The issue of whether the trial court's ruling was an unwarranted extension of *People v Huertas* (75 NY2d 487 [1990]) is preserved for this Court's review since in response to defendant's objections and the arguments of the parties, the trial court, relying on *Huertas*, expressly decided the question raised on appeal. (*People v Ragunauth*, 24 AD3d 472; *People v Linton*, 62 AD3d 722; *People v Ayala*, 298 AD2d 397; *People v Prado*, 4 NY3d 725; *People v Hawkins*, 11 NY3d 484; *People v Edwards*, 95 NY2d 486; *People v Jeanty*, 94 NY2d 507; *People v Ayala*, 142 AD2d 147, 75 NY2d 422; *People v Feingold*, 7 NY3d 288; *People v Payne*, 3 NY3d 266.) II. In this one-witness identification case where the complainant testified about the description of the perpetrator he gave police, the trial court's ruling that allowed police testimony about the description they received from the complainant extended the rule in *People v Huertas* (75 NY2d 487 [1990]) beyond its legitimate purpose.

This constituted impermissible bolstering, abrogated the rule in *People v Caserta* (19 NY2d 18 [1966]), and deprived Torrel Smith of a fair trial under both the State and Federal Constitutions. (*People v Walker*, 70 AD3d 870; *People v Linton*, 62 AD3d 722; *People v Bryan*, 50 AD3d 1049; *People v Ayala*, 298 AD2d 397; *People v Oliver*, 14 AD3d 437; *People v Roman*, 5 AD3d 311; *People v Victor*, 271 AD2d 556; *People v Ragsdale*, 68 AD3d 897; *People v Nealy*, 32 AD3d 400.)

*Janet DiFiore, District Attorney*, White Plains (*Maria I. Wager, Steven A. Bender* and *Richard Longworth Hecht* of counsel), for respondent. I. Defendant's claim that the trial court committed reversible error and denied him a fair trial by improperly extending this Court's precedent when it allowed two police witnesses to recount the description of the perpetrator, given to them by the victim, shortly after the crime, is not preserved for this Court's review. (*People v Huertas*, 75 NY2d 487; *People v Vidal*, 26 NY2d 249; *People v West*, 56 NY2d 662; *People v Qualls*, 55 NY2d 733; *People v Garcia*, 83 NY2d 817; *People v Gonzalez*, 55 NY2d 720; *People v Fleming*, 70 NY2d 947; *People v Prado*, 4 NY3d 725; *People v Dekle*, 56 NY2d 835.) II. Police witnesses can properly recount another witness' description of the perpetrator, given to them after the crime, because such evidence is offered for a legitimate nonhearsay purpose. Because the evidence is not being offered for its truth, it does not bolster the witness' identification, as defendant contends. (*People v Huertas*, 75 NY2d 487; *People v Caserta*, 19 NY2d 18; *People v Buie*, 86 NY2d 501; *People v Morales*, 37 NY2d 262; *People v McDaniel*, 81 NY2d 10; *People v Tosca*, 98 NY2d 660; *Matter of Danny R.*, 50 NY2d 1026; *People v Figueroa*, 35 AD3d 204; *People v Oliver*, 14 AD3d 437; *People v Griffin*, 173 AD2d 216.)

### OPINION OF THE COURT

SMITH, J.

We held in *People v Huertas* (75 NY2d 487 [1990]) that a crime victim could testify to her own description of her attacker, given to the police shortly after the crime. We now hold that a police officer's testimony to a victim's description, where it does not tend to mislead the jury, may also be admissible under the *Huertas* rule.

I

Defendant was convicted of robbing Hector Velez. A video recording that shows Velez being robbed by two men was admitted

into evidence, but the face of the man alleged to be defendant does not appear clearly on the video. Velez identified defendant at trial as one of the robbers and also testified, without objection, to a description he had given the police on the night of the crime of a black man "about 5'6, short hair, round face, thick eyebrows" and wearing a white shirt. The description fits defendant, but in the video the man alleged to be defendant is wearing a blueish-gray shirt. Velez testified that, before he saw the video, he realized that his description of the shirt was in error, and corrected it.

Two police officers also testified, over objection, that Velez had given a description on the night of the crime. The officers' accounts of the description were brief, and consistent with Velez's. One said that Velez had described a man "between 5'6 to 5'7 in height wearing shorts and . . . a white T-shirt." The other said only that Velez had described "a short black male, dark skinned."

On appeal to the Appellate Division, defendant argued that the officers' testimony had improperly bolstered that of Velez. The Appellate Division affirmed, holding that this argument was unpreserved and, as an alternative holding, that it failed on the merits (*People v Smith*, 95 AD3d 1145 [2012]). A Judge of this Court granted leave to appeal (20 NY3d 989 [2012]), and we now affirm.

## II

We disagree with the Appellate Division's holding on preservation. Regardless of whether defendant's objection to the testimony was sufficiently explicit, the trial court, in response to defendant's protest, "expressly decided the question raised on appeal," thus preserving the issue for review (CPL 470.05 [2]). The Appellate Division was correct, however, in rejecting defendant's argument on the merits.

The term "bolstering" is used to describe the presentation in evidence of a prior consistent statement—that is, a statement that a testifying witness has previously made out of court that is in substance the same as his or her in-court testimony. As we explained in *People v Buie* (86 NY2d 501, 509-511 [1995]), such statements are generally excluded by the hearsay rule, unless a hearsay exception is applicable. Prior consistent statements will often be less prejudicial to the opposing party than other forms of hearsay, since by definition the maker of the statement has

said the same thing in court that he said out of it, and his credibility can be tested by cross-examination. Thus, in many cases, the admission of purely redundant hearsay creates no greater evil than waste of time. We have warned, however, that the admission of prior consistent statements may, by simple force of repetition, give to a jury an exaggerated idea of the probative force of a party's case (*see People v Trowbridge*, 305 NY 471, 477 [1953]; *People v Caserta*, 19 NY2d 18, 21 [1966]).

*Trowbridge* and *Caserta* involved a particular kind of prior consistent statement: a previous identification of the defendant by an eyewitness to a crime. Under CPL 60.30, testimony to such an identification by the witness who made it is admissible, as an exception to the hearsay rule. Interpreting a predecessor statute to CPL 60.30, we held in *Trowbridge*, and reaffirmed in *Caserta*, that this exception extends no further than the language of the statute creating it. Testimony by one witness (e.g., a police officer) to a previous identification of the defendant by another witness (e.g., a victim) is inadmissible.

*Huertas* involved a different kind of prior consistent statement: a witness's description, given shortly afer the crime, of the person who committed it. *Huertas* held testimony about a description to be admissible not under any exception to the hearsay rule, but because the testimony is not hearsay at all. It is admitted not for the truth or accuracy of the prior description, but as "evidence that assists the jury in evaluating the witness's opportunity to observe at the time of the crime, and the reliability of her memory at the time of the corporeal identification" (*Huertas*, 75 NY2d at 493). While the distinction *Huertas* makes has been criticized (*see* Martin, Capra and Rossi, New York Evidence Handbook § 8.2.4 at 670-671 [2d ed]), defendant does not ask us to retreat from *Huertas*'s holding, and we take this occasion to reaffirm it. As a general matter, evidence as to how a witness described the offender when the witness's memory was fresh is much more likely to advance than to hinder accurate fact-finding.

■■ The issue here is whether the rule of *Huertas*, like CPL 60.30's hearsay exception for prior eyewitness identifications, is limited to a witness's account of his or her own previous statement. We see nothing to justify such a limitation. A statement that is not hearsay when the declarant testifies to it does not become hearsay when someone else does so. Indeed, we recognized in *People v Rice* (75 NY2d 929, 931 [1990]), decided the same day as *Huertas*, that the rule of *Huertas* might make

admissible "testimony of the complainant *and police officers* concerning a description of the perpetrator given by the complainant" (emphasis added). Several Appellate Division decisions correctly recognize that *Huertas* extends to cases in which the witness who recounts the description in court is not the same witness who gave the description initially (*e.g. People v Linton*, 62 AD3d 722, 723 [2d Dept 2009]; *People v Ragunauth*, 24 AD3d 472, 473 [2d Dept 2005]; *People v Guerra*, 168 AD2d 394, 395 [1st Dept 1990]). *People v Williams* (206 AD2d 917 [4th Dept 1994]), which holds otherwise, should not be followed.

Our holding today should not be interpreted as giving carte blanche to the presentation of redundant police testimony that accomplishes no useful purpose. We remarked in *Rice* that a recognition that police testimony to a victim's description might be admissible "does not constitute a holding that four witnesses may give this identical evidence" (75 NY2d at 931 n). A court retains discretion to exclude evidence of prior consistent statements when it reasonably finds that evidence to be more prejudicial than probative. But here, the brief recitation by two officers of Velez's description of a man who robbed him was not likely to give the jury the false impression that there was "an impressive amount of testimony" corroborating Velez's account (*see Caserta*, 19 NY2d at 21). We see no prejudice to defendant from its admission.

Accordingly, the order of the Appellate Division should be affirmed.

RIVERA, J. (dissenting). I disagree with the majority's conclusion that *People v Huertas* (75 NY2d 487 [1990]) may be interpreted to permit admission of police officers' testimony of a crime victim's description of the perpetrator. I see no basis upon which to conclude such evidence constitutes anything other than bolstering of the victim's testimony. Therefore, I dissent.

Our case law provides that a prior consistent statement is inadmissible unless it is offered not for its truth, but for some other relevant purpose, or fits within a proper hearsay exception (*see e.g. id.*). Otherwise, such prior consistent statement constitutes bolstering which is prohibited because "untrustworthy testimony does not become less so merely by repetition" (*People v McDaniel*, 81 NY2d 10, 16 [1993] [citing *People v McClean*, 69 NY2d 426, 428 (1987)]).

The decision in *Huertas* permitted prior descriptive statements by the victim because in that case such statements were

offered for the nonhearsay purpose of assessing the victim's observations and the reliability of her memory. The *Huertas* analysis focused on the victim's ability to construct a mental image of the perpetrator and whether that image differed at the time the victim made a "corporeal identification" of the defendant. That evidence aided the jury in assessing the victim's opportunity to observe the perpetrator at the moment of the crime, and, therefore, was admissible as relevant to the question of the victim's memory (*Huertas*, 75 NY2d at 493).*

The majority articulates no basis to ignore this prior case law in order to permit admission of a police officer's testimony about the victim's out-of-court description of the perpetrator, other than the majority's conclusion that there is "nothing to justify" a limitation on *Huertas* as applied to police testimony of the description given by the victim (majority op at 466). Yet, certainly there is a limitation, for, as the majority recognizes, in *People v Caserta*, we stated clearly the risk of bolstering associated with the admission of prior consistent statements that give the appearance of an exaggerated amount of evidence in support of the victim's identification (19 NY2d 18, 21 [1966]; *see also People v Trowbridge*, 305 NY 471, 477 [1953] ["Numerous repetitions by various witnesses of the fact that on a particular occasion an identification was made by a complainant . . . (are) capable of exaggerating . . . the probative value of properly received substantive proof of identity"]).

Here, the victim's prior statements arguably assisted the jury in assessing whether he had ample opportunity to observe the perpetrator, a permissible nonhearsay purpose under *Huertas*. In contrast, the police officers' repetition of this testimony in no way furthered the jurors fact-finding with respect to the victim's observation of the perpetrator. That is unless, as the majority states, "evidence as to how a witness described the offender when the witness's memory was fresh is much more likely to

---

* The *Huertas* case, like *People v Rice* (75 NY2d 929 [1990]) decided the same day, involved a prosecution for rape, historically the type of prosecution where challenges to the testimony of female victims were commonplace. Arguably admission of the victim's description testimony serves, regardless of its potential prejudice, a unique role in addressing the gendered treatment of rape identifications (*see e.g.* Francis X. Shen, *How We Still Fail Rape Victims: Reflecting on Responsibility and Legal Reform*, 22 Colum J Gender & L 1 [2011] [discussing various scientific studies tending to show that for numerous reasons, rape victims, sadly, are too often not believed]). Of course, defendant's case does not present similar concerns which might justify, on narrow grounds, admission of the police officers' testimony.

advance than to hinder accurate fact-finding" (majority op at 466). Which is simply to state that the likelihood of the description's accuracy is greater when the description is provided closer to the time of the attack. If that is the purpose of the testimony then it is hearsay, because it is admitted for its truth. If that is not the purpose, then a police officer's testimony that the victim provided a description of the attacker, and repeats that description for the jury, is nothing less than bolstering in its most basic sense because it "tends to give the idea to [the] jury that there is an impressive amount of testimony to identification when such is really not the fact" (*Caserta*, 19 NY2d at 21).

The majority states that its decision should not be read "as giving carte blanche to the presentation of redundant police testimony that accomplishes no useful purpose" (majority op at 467), but I can see no other result from the decision. Even if a court has discretion to exclude such evidence "when it reasonably finds [it is] more prejudicial than probative" (*id.*), it will continue to grapple with the question as to how many times a juror may hear testimony from persons other than the victim about the victim's description, before the testimony constitutes bolstering. Apparently, after today's decision, it requires at least three times (*id.* at 467).

I dissent.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, PIGOTT and ABDUS-SALAAM concur with Judge SMITH; Judge RIVERA dissents in an opinion.

Order affirmed.