◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ARROYO, Appellant. [9 NYS3d 137]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered November 6, 2013, convicting him of robbery in the first degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel. Defense counsel made appropriate pretrial motions resulting in the trial court conducting *Wade, Huntley, Mapp,* and *Dunaway* hearings (*see United States v Wade,* 388 US 218 [1967]; *People v Huntley,* 15 NY2d 72 [1965]; *Mapp v Ohio,* 367 US 643 [1961]; *Dunaway v New York,* 442 US 200 [1979]), made a coherent and well-reasoned opening statement, vigorously cross-examined the People's witnesses, made a well-argued trial motion to dismiss at the close of the People's case, presented a defense of misidentification, and made a cogent closing statement (*see People v Jenkins,* 103 AD3d 753 [2013]). Viewing the record in its entirety, the defendant received meaningful representation (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Rivera,* 71 NY2d 705 [1988]; *People v Greene,* 110 AD3d 827, 828 [2013]).

The defendant did not preserve for appellate review his contention that the trial court erred, with respect to the conviction of robbery in the first degree, by not charging the jury with the lesser-included offense of robbery in the second degree, since counsel neither requested the charge nor objected to its absence (*see People v Miaram,* 97 AD3d 606, 607 [2012]). In any event, no basis existed for the court to give such a charge, since no evidence presented at the trial would have allowed the jury to find, by a preponderance of the evidence, that the object displayed was not a loaded weapon capable of producing death or other serious physical injury (*see People v Miaram,* 97 AD3d at 607; Penal Law § 160.15 [4]).

The defendant contends that the trial court's response to a jury note regarding the definition of robbery in the first degree with respect to the failure of the police to recover a gun had the effect of directing a verdict of guilt on the count of robbery in the first degree. This contention is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the court's response was appropriate and the jury is presumed to have followed the court's instruction to consider only the evidence when judging the facts of the case (*see People v Tohom,* 109 AD3d 253, 268 [2013]).

The defendant argues that the testimony of the People's police witnesses regarding the complainant's description of the perpetrator and of the commission of the crime and its aftermath constituted improper bolstering and inadmissible hearsay. However, these contentions are unpreserved for appellate review because the defendant did not object to the testimony (*see People v Speaks,* 124 AD3d 689 [2015], *lv granted* 24 NY3d 1222 [2015]). In any event, these contentions are

without merit. Here, as in *People v Smith* (22 NY3d 462, 464 [2013]), the officers' testimony regarding the complainant's description of the robber was admissible. In addition, the officers' testimony regarding the complaining witness's description of the robber, as well as his account of the robbery, was properly admitted for the nonhearsay purpose of establishing the reasons behind the detective's actions, and to complete the narrative of events leading to the defendant's arrest (*see People v Speaks*, 124 AD3d at 692; *People v Ragsdale*, 68 AD3d 897, 897-898 [2009]). The record does not support the defendant's contention that the prosecutor stated or implied during summation that the jury could find that the perpetrator had a gun based on the complainant's statements to police witnesses.

Contrary to the defendant's contention, the trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]), constituted a provident exercise of discretion (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]; *People v Smith*, 63 AD3d 1301, 1303-1304 [2009]; *People v McLaurin*, 33 AD3d 819, 820 [2006]). Dillon, J.P., Dickerson, Duffy and Barros, JJ., concur.