The People of the State of New York, Respondent,
against
Ricardo Brito, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Michael J. Yavinsky, J.), rendered August 13, 2013. The judgment convicted defendant, after a nonjury trial, of harassment in the second degree.




ORDERED that the judgment of conviction is affirmed.
The People charged defendant with attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), menacing in the third degree (Penal Law § 120.05), and harassment in the second degree (Penal Law § 240.26 [1]) based on a domestic violence incident. At a nonjury trial, the arresting officers testified to statements that had been made by the complainant shortly before defendant's arrest, which statements were substantially recapitulated by the complainant at the trial. The defense objected to the officers' statements on hearsay and bolstering grounds but did not object to the complainant's trial testimony as to those statements. The Criminal Court admitted the statements pursuant to the excited utterance exception to the hearsay rule, convicted defendant of harassment in the second degree, and acquitted him of attempted assault in the third degree and menacing in the third degree. On appeal, defendant contends that the admission of the officers' testimony as to the complainant's prior account of the incident and the complainant's own trial testimony as to those statements was error.
Absent an objection to the complainant's testimony as to what she had told the police officers about the incident at the scene, defendant failed to preserve for appellate review any claim that such testimony constituted inadmissible hearsay or improper bolstering (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Arroyo, 128 AD3d 843, 844 [2015]; People v Walker, 70 AD3d 870, 871 [2010]). As to the officers' testimony regarding the complainant's statements to them, the rule, absent an applicable exception, is that prior consistent statements are inadmissible (see People v Buie, 86 NY2d 501, 509-511 [1995]) owing to the "risk that [such] statement[s] may, by simple force of repetition, give to a jury an exaggerated idea of the probative force of a party's case' " (People v Ludwig, 24 NY3d 221, 230 [2014], quoting People v Smith, 22 NY3d 462, 466 [2013]). However, we need not decide whether the testimony was admissible under the excited utterance exception to the hearsay rule because the challenged testimony was admissible "not for its truth, but to provide background information as to how and why the police . . . confronted defendant" (People v Tosca, 98 NY2d 660, 661 [2002]), that is, to explain the sequence of events that had resulted in defendant's arrest (see e.g. People v Dorcinvil, 122 AD3d 874, 875-876 [2014]; People v Jaen, 116 AD3d 975, 976 [2014]; [*2]People v Mack, 89 AD3d 864, 866 [2011]; People v Edwards, 65 AD3d 1374, 1374 [2009]).
Moreover, in People v Smith, the Court of Appeals noted:
"Prior consistent statements will often be less prejudicial to the opposing party than other forms of hearsay, since by definition the maker of the statement [says] the same thing in court that he [or she] said out of it, and [the witness's] credibility can be tested by cross-examination. Thus, in many cases, the admission of purely redundant hearsay creates no greater evil than [a] waste of time" (22 NY3d at 466).
In the case of a bench trial, such as involved herein, the risk of prejudice is further diminished by the fact that "a court sitting as the trier of fact is presumed to have considered only the competent evidence in reaching its verdict despite awareness of facts which cannot properly be relied upon in making the decision" (People v Maduro, 27 Misc 3d 127[A], 2010 NY Slip Op 50577[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010] [internal quotation marks omitted]; see e.g. People v Gupton, 281 AD2d 963 [2001]; People v Williams, 38 Misc 3d 4, 8 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). Thus, even were the statements admitted in error, there are no grounds upon which to infer prejudicial error. In any event, in light of the overwhelming proof that defendant committed the offense of harassment in the second degree—which included the credible narratives of two officers and the complainant as to defendant's conduct, the complainant's physical and emotional condition at the arrest scene, as well as the photographic evidence and hospital treatment records—there is no significant probability that the error contributed to defendant's conviction (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Accordingly, the judgment of conviction is affirmed. 
Solomon and Elliot, JJ., concur.
Weston, J.P., dissents in a separate memorandum.
Weston, J.P., dissents and votes to reverse the judgment of conviction and to remit the matter to the Criminal Court for a new trial in the following memorandum:
In my opinion, the officer's recapitulation of the complainant's statements, which were offered for their truth as excited utterances, constituted inadmissible hearsay. Accordingly, I respectfully dissent and vote to reverse the judgment of conviction.
At trial, the arresting officer testified that he received a call to respond to a domestic dispute in the Sunset Park area of Kings County. Upon arriving at the scene, he discovered that neither defendant nor the complainant spoke English and asked for the assistance of a Spanish translator. Another officer arrived at the scene about five to ten minutes later and spoke with the complainant in Spanish. He testified that the complainant told him that defendant had hit her and tried to push her in front of a vehicle. These statements were reiterated, in sum and substance, by both the arresting officer and the complainant in their testimony. Having previously deferred a ruling on the statements' admissibility, the court, at the conclusion of the trial testimony, deemed the statements admissible as excited utterances. Despite the court's admission of the statements on this ground, the majority concludes that we need not decide whether the statements qualify as excited utterances because they were not admitted for their truth, but rather as background information as to why the police arrested defendant. Regardless of the basis for their admission, the statements were, in my opinion, inadmissible hearsay.
It is well settled that an out-of-court statement offered for its truth constitutes inadmissible hearsay, unless the statement falls within one of the well-recognized exceptions to the hearsay rule (see Nucci v Proper, 95 NY2d 597, 602 [2001]; People v Brensic, 70 NY2d 9, 14 [1987]). To qualify under the excited utterance exception to the hearsay rule, the statement must be made while under the influence of a startling event that is " sufficiently powerful to render [the declarant's] normal reflective processes inoperative' " (People v Cantave, 21 NY3d 374, 381 [2013], quoting People v Vasquez, 88 NY2d 561, 574 [1996]; see People v Leach, 137 [*3]AD3d 1300, 1300 [2016]). Essential to this exception " is that the declarant spoke while under the stress or influence of the excitement caused by the event, so that [the declarant's] reflective capacity was stilled' " (People v Cantave, 21 NY3d at 381, quoting People v Nieves, 67 NY2d 125, 135 [1986]).
Here, although the complainant was described as "crying" and appearing "very afraid," she was no longer under the influence of the startling event when she made her statements to police. The statements were not uttered spontaneously, but in response to police inquiry. Moreover, they were made five to ten minutes after the police were already on the scene investigating the matter and while defendant was standing at a distance of 10 to 15 feet. These facts, together with the minor nature of the complainant's injuries and her initial reluctance to seek medical treatment, establish that the complainant was not under the stress of a startling event at the time she spoke to police. Accordingly, it cannot be said that the complainant evinced an "inability to reflect upon the events" which gave rise to her statements (People v Cantave, 21 NY3d at 382).
Nor do the complainant's statements qualify as nonhearsay background information. To the contrary, the statements were offered to establish that defendant did, in fact, strike the complainant and push her in front of a car. Even the prosecutor, in summation, referred to the statements for their truth and not in the context of background information. Assuming, as the majority does, that the statements were offered to complete the narrative of events, they would still be inadmissible, since their prejudicial effect outweighed any probative value they would have had in explaining why the police arrested defendant. The prosecution could have explained the officer's actions without resorting to the complainant's out-of-court statements. Without disclosing the substance of his conversation, the translating officer could have simply testified that defendant was arrested after he spoke to the complainant. 
Unlike the majority, I conclude that the error in admitting the hearsay testimony was not harmless. The proof of defendant's guilt was far from overwhelming, as it rested solely on the testimony of the complainant. Even if the evidence were overwhelming, it cannot be said that "there is no significant probability that the [finder of fact] would have acquitted defendant had the error not occurred" (People v Williams, 25 NY3d 185, 194 [2015]). The impact of the complainant's out-of-court statements was especially prejudicial, since they were not only admitted for their truth, but testified to repeatedly by three different witnesses, constituting impermissible bolstering (see People v McClean, 69 NY2d 426, 428 [1987]). In these circumstances, the statements' admission cannot be deemed harmless.
Accordingly, I vote to reverse the judgment of conviction and to remit the matter to the Criminal Court for a new trial.
Decision Date: September 20, 2016