People v Ramirez (2020 NY Slip Op 51425(U))

[*1]

People v Ramirez (Victor)

2020 NY Slip Op 51425(U) [69 Misc 3d 147(A)]

Decided on November 20, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 20, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2017-1811 Q CR

The People of the State of New York,
Respondent, 
against
Victor Ramirez, Appellant. 

Appellate Advocates (Grace DiLaura of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Sharon Y. Brodt and
Russell Shapiro of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Althea Drysdale, J.), rendered August 18, 2017. The judgment, upon a jury verdict, convicted
defendant of driving while ability impaired and consumption or possession of alcoholic
beverages in certain motor vehicles, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a jury trial, defendant was convicted of driving while ability impaired (Vehicle
and Traffic Law § 1192 [1]) and consumption or possession of alcoholic beverages in
certain motor vehicles (Vehicle and Traffic Law § 1227 [1]) based upon testimony and
other evidence that defendant had been driving his car, that he exhibited signs of impairment, and
that there were multiple bottles of beer in his car, both opened and closed, and a cup in the
driver's side cup holder containing liquid that smelled like alcohol. Defendant contends on appeal
that the arresting officer's testimony that he spoke to a witness at the scene, without setting forth
what that witness had said, nevertheless violated his rights under the Confrontation Clause and
constituted inferential bolstering because that witness did not testify, arguing that the jury could
infer from the context what the witness said. Defendant also argues that, by testifying about what
another testifying witness had told him at the scene, the arresting officer improperly bolstered
that witness's testimony with his prior consistent statements.
Both of defendant's arguments are unpreserved for appellate review (see CPL 470.05
[2]; People v Arroyo, 128 AD3d
843 [2015]; People v Bowen,
53 Misc 3d 149[A], 2016 NY Slip Op 51657[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2016]). In any event, they are also without merit. The arresting officer's testimony that
he spoke to a witness at the scene was not [*2]likely, under the
circumstances presented, to lead to any improper or prejudicial inferences (see People v
Ruis,11 AD3d 714 [2004]). On the other hand, the officer's testimony repeating what another
trial witness told him at the scene did constitute evidence of a prior consistent statement by
another testifying witness, but there was no prejudice under the circumstances (see People v Smith, 22 NY3d 462
[2013]). We note that, even if inferential bolstering had occurred, we would find it to be harmless
given the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d
230, 241-242 [1975]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 20, 2020