People v Lewis (2022 NY Slip Op 02284)

People v Lewis

2022 NY Slip Op 02284

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2019-14625
 (Ind. No. 1688/18)

[*1]The People of the State of New York, respondent,
v
Justin Lewis, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Elena Tomaro and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (William J. Condon, J.), rendered November 13, 2019, convicting him of attempted aggravated assault on a police officer (two counts), criminal possession of a weapon in the third degree (four counts), tampering with physical evidence, criminal possession of a firearm (two counts), unlawful fleeing of a police officer in a motor vehicle in the third degree (two counts), obstructing governmental administration in the second degree, reckless driving, aggravated unlicensed operation of a motor vehicle in the third degree, menacing in the second degree, criminal mischief in the fourth degree, speeding (four counts), failure to maintain lane, and failure to stop at a stop sign (nine counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of attempted aggravated assault on a police officer, criminal possession of a weapon in the third degree, tampering with physical evidence, criminal possession of a firearm, and related misdemeanor charges and violations of the Vehicle and Traffic Law arising out of a violent incident between the defendant and his girlfriend and another roommate in their home, which led to a high-speed car chase of the defendant by the police.
Contrary to the defendant's contention, the County Court properly denied that branch
of his omnibus motion which was to suppress his statements to law enforcement officials. The defendant, who had a history of arrests, was informed of his Miranda rights (see Miranda v Arizona, 384 US 436), understood them, and implicitly waived them by continuing thereafter to speak with the police (see People v Sirno, 76 NY2d 967, 968; People v Gill, 20 AD3d 434, 434).
The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is only partially preserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great [*2]deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon review of the record here, we are satisfied that the verdict of guilt on each of the convictions was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the People's contention, the sanction imposed by the County Court for the People's failure to timely produce Brady material (see Brady v Maryland, 373 US 83), to wit, permitting the defendant the opportunity to call the police witness on his own case and treat that witness as "hostile," was improper as it was not a sanction at all but rather a Hobson's choice for the defendant to either (1) take a course of action already available to him by calling the police witness as a hostile witness on his own case (see generally Becker v Koch, 104 NY 394, 400-401; Jerome Prince, Richardson on Evidence § 6-228 [Farrell 11th ed 1995, 2008 Supp]), or (2) avail himself of his constitutional right not to have to present a defense (see generally People v Antommarchi, 80 NY2d 247, 252-253). Nonetheless, the failure of the prosecution to disclose such evidence in a timely fashion does not require reversal, where, as here, the evidence for conviction of each of the charges was overwhelming and there is no reasonable possibility that the error contributed to the jury's verdict (see People v Pressley, 91 NY2d 825, 826; see also People v Steadman, 82 NY2d 1, 8-9).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel. Defense counsel made appropriate pretrial motions (see United States v Wade, 388 US 218; People v Huntley, 15 NY2d 72), a coherent opening statement, and he appropriately cross-examined the People's witnesses, presented a defense, and made a cogent closing statement (see People v Arroyo, 128 AD3d 843, 844; People v Jenkins, 103 AD3d 753, 753). Viewing the record in its entirety, the defendant received meaningful representation (see People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137, 147).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court