■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS BURRUS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered May 23, 1990, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the court erred in admitting testimony of the description of the perpetrator contained in a radio report overheard by the arresting officer. The challenged testimony was properly admitted to explain the officer's presence at the scene and to avoid speculation by the jury (see, People v Love, 92 AD2d 551, 553; People v Switzer, 115 AD2d 673, 674). The court's clear instructions to the jury that the contents of the radio report were not

admitted to establish their truth, but only to explain why the officer "was in a particular place at a particular time" and its admonition that the jury disregard any details in the radio report except insofar as it explained the officer's presence at the scene, effectively eliminated any risk of prejudice to the defendant *(see, People v Love, supra,* at 553).

The testimony of a defense witness implied that a police officer had illegally or unlawfully obtained the gun which was produced in evidence with the objective of securing the defendant's conviction. Accordingly, the court did not improvidently exercise its discretion when it permitted the People to introduce rebuttal evidence on that point *(see, People v Harris,* 57 NY2d 335, 345, *cert denied* 460 US 1047; Richardson, Evidence § 517 [Prince 10th ed]). Sullivan, J. P., Balletta, Lawrence and Santucci, JJ., concur.