■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ESTRADA, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Meehan, J.), rendered April 11, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence at trial established that during this so-called "buy and bust" operation, the codefendant, acting as a middleman, purchased narcotics from the defendant on the undercover officer's behalf. The trial court ruled that the arresting officer could testify that based on what he heard while monitoring the undercover officer's conversation with the codefendant, he believed a drug sale had taken place and thereby took certain action leading to the defendant's arrest. We find that the challenged testimony was properly admitted to explain the officer's presence at the scene and to avoid speculation by the jury (see, People v Burrus, 182 AD2d 634; People v Switzer, 115 AD2d 673, 674; People v Love, 92 AD2d 551, 553). Moreover, the trial court's limiting instruction to the jury immediately prior to the arresting officer's testimony effectively eliminated any risk of prejudice to the defendant (People v Love, supra).

The defendant's remaining contentions are unpreserved for appellate review, without merit, or do not warrant reversal. Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.