■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT BURRELL, Appellant. [628 NYS2d 553] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (R. Goldberg, J.), rendered December 3, 1992, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

No reversible error took place by a police officer's testimony explaining his presence at the courtyard of the housing project where the defendant was arrested *(see, People v Estrada,* 187 AD2d 727; *People v Burrus,* 182 AD2d 634). The trial court's instructions to the jury that the officer's testimony was admitted only to explain his presence on the scene effectively eliminated any prejudice to the defendant *(see, People v Burrus, supra; People v Love,* 92 AD2d 551).

The defendant's challenge to the prosecutor's comments on summation is unpreserved for appellate review *(see, People v Balls,* 69 NY2d 641; *People v Bruen,* 136 AD2d 648). In any event, the prosecutor's comments in the main were a fair response to the defense counsel's own scathing remarks *(see, People v Perez,* 132 AD2d 579). Although, as the People properly concede, some of the language used was inappropriate, the prosecutor's remarks do not warrant reversal *(see, People v White,* 196 AD2d 641; *People v Street,* 124 AD2d 841).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

Finally, the defendant's challenge to the mandatory surcharge is premature *(see, People v Burke,* 204 AD2d 345). Bracken, J. P., Rosenblatt, Ritter and Goldstein, JJ., concur.