■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BOWER, Appellant. [635 NYS2d 79] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered August 19, 1992, convicting him of sodomy in the first degree and attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing (Appelman, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the indictment should be dismissed by virtue of the People's failure to disclose to the Grand Jury evidence of the initial photographic misidentification of the perpetrator by the two complainants, since the subject evidence was not entirely exculpatory and would not have materially influenced the Grand Jury *(see, People v Valles,* 62 NY2d 36; *People v Liddell,* 181 AD2d 795; *People v Kaba,* 177 AD2d 506; *People v Kaminski,* 156 AD2d 471; *People v Lloyd,* 141 AD2d 669).

Likewise, the People's failure to preserve a tape recording of a telephone call made by the complainants to the 911 emergency line following the incident, in violation of the *Rosario* rule *(see, People v Rosario,* 9 NY2d 286), did not warrant dismissal of the indictment *(see, People v Banch,* 80 NY2d 610; *People v Kelly,* 62 NY2d 516; *People v Gibbs,* 211 AD2d 641). The sanction imposed by the court was appropriate under the circumstances.

We discern no basis to disturb the hearing court's determination that the lineup procedure was not tainted by suggestiveness, inasmuch as the defendant has failed to demonstrate "a substantial likelihood of misidentification" *(People v Jacobi,*

159 AD2d 308; *see, People v Chipp,* 75 NY2d 327; *see also, People v Stokes,* 156 AD2d 401; *People v Rodriguez,* 124 AD2d 611).

The court did not improvidently exercise its discretion by declining to permit the jury to visit the scene of the crime *(see,* CPL 270.50 [1]; *People v Kaufman,* 156 AD2d 718; *People v Basora,* 151 AD2d 588).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Thompson, Joy and Goldstein, JJ., concur.