■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD PERSAUD, Appellant. [656 NYS2d 34] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered March 10, 1995, convicting him of murder in the second degree, attempted robbery in the first degree (two counts), attempted robbery in the second degree, criminal posssession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review most of his arguments on appeal regarding the prosecutor's summation comments. During the prosecutor's summation, the defendant either did not object, made only general objections, or his objections were sustained without any further request for curative instructions or a timely motion for a mistrial *(see,* CPL 470.05 [2]; *People v Tevaha,* 84 NY2d 879; *People v Medina,* 53 NY2d 951; *People v Bruen,* 136 AD2d 648, 649). In any event, the prosecutor's remarks, which implied that the cooperating witnesses had received the sentences they deserved for their part in the crime, were fair responses to the defense counsel's summation, in which counsel had argued that these witnesses had received favorable deals in exchange for their testimony, and so had an incentive to lie *(see, People v Burrell,* 216 AD2d 481; *People v Street,* 124 AD2d 841).

Additionally, to the extent that the defendant found unsatisfactory the court's curative instruction, given in response to the prosecutor's comments about the appropriateness of the witnesses' deals and their purported interest or lack of interest in the outcome of the trial, the defendant should have immediately made an application seeking further or more complete instructions *(see, People v Santiago,* 52 NY2d 865, 866). In any event, the court corrected any perceived error when it charged the jury generally with regard to interested witnesses, and the jury had before it all of the facts necessary

to make their own determination of the witnesses' interest *(see, People v Martin,* 168 AD2d 221).

Finally, contrary to the defendant's contention, the court's comments in its jury charge did not "shift the burden of proof from the prosecution and erode the reasonable doubt standard". Taken as a whole, the court properly instructed the jury on the prosecution's burden to prove the defendant's guilt beyond a reasonable doubt *(see, People v Russell,* 266 NY 147, 153; *People v Brown,* 209 AD2d 428; *People v Jones,* 173 AD2d 487). Thompson, J. P., Pizzuto, Joy and Luciano, JJ., concur.