■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT NANTON, Appellant. [795 NYS2d 648]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered January 2, 2003, convicting him of robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), unlawful imprisonment in the first degree (two counts), criminal possession of stolen property in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The specific objection the defendant now raises with respect to the *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) was not raised before the Supreme Court, and is therefore unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Villanueva,* 289 AD2d 425 [2001]). In any event, contrary to the defendant's contention, the Supreme Court's *Sandoval* ruling was a provident exercise of its discretion (*see People v Whitney,* 287 AD2d 585, 586 [2001]; *People v Hubbard,* 184 AD2d 781 [1992]; *see also People v Rosado,* 244 AD2d 772, 776 [1997]).

The defendant also has not preserved for appellate review his contention that the police officers' testimony regarding the victims' prior identification of him as the perpetrator of the robbery constituted improper bolstering (*see People v Gray,* 86 NY2d 10, 20 [1995]; *People v Victor,* 271 AD2d 556 [2000]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, since a proper foundation was laid, the police officers' testimony did not constitute improper bolstering (*see People v Victor, supra*).

Similarly, the defendant's contention that the Supreme Court erred in admitting testimony of the description of the perpetrators contained in a radio report overheard by police officers is unpreserved for appellate review (*see People v Gray, supra* at 20; *People v Udzinski, supra*). In any event, the challenged testimony was properly admitted in order to explain the officers' presence at the scene and to avoid speculation by the jury (*see People v Burrus,* 182 AD2d 634 [1992]; *People v Love,* 92 AD2d 551, 553 [1983]).

The defendant's remaining contention, raised in his supple-

mental pro se brief, is without merit. Schmidt, J.P., Santucci, Rivera and Spolzino, JJ., concur.