■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM BRYAN, Appellant. [856 NYS2d 227]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Bellantoni, J.), rendered November 16, 2005, convicting him of burglary in the second degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the judgment should be reversed and the indictment against him dismissed because the prosecution failed to present certain exculpatory evidence to the grand jury (*see* CPL 470.05 [2]; *People v Brown,* 81 NY2d 798, 799 [1993]; *People v Mosca,* 294 AD2d 938, 939 [2002]; *People v DeBaptiste,* 286 AD2d 341 [2001]). In any event, the contention is without merit. Here, the prosecution was under no obligation to present the evidence in question as the evidence was not entirely exculpatory and would not have materially influenced the grand jury's investigation (*see People v Williams,* 298 AD2d 535 [2002]; *People v Smith,* 289 AD2d 1056, 1057 [2001]; *People v Bower,* 222 AD2d 516 [1995]; *People v Scruggs,* 201 AD2d 514, 515 [1994]).

The County Court providently exercised its discretion in permitting the prosecution to elicit limited evidence regarding the defendant's arrest for uncharged crimes as it provided the jury with necessary background information (*see People v Philips,* 30 AD3d 618, 619 [2006]; *People v Gordon,* 308 AD2d 461 [2003]; *People v Monzon,* 289 AD2d 595 [2001]). In light of the court's limiting instructions, that the testimony was provided as background and not to show the defendant's propensity to commit the charged crimes, the probative value of this evidence outweighed any prejudicial effect (*see People v Tosca,* 98 NY2d 660, 661 [2002]; *People v Clink,* 32 AD3d 862, 863 [2006]; *People v Melendez,* 8 AD3d 680, 681 [2004]).

The defendant further contends that the testimony from police officers and a 911 operator, in which they recounted the description of the perpetrator given by the complainant and another witness, constituted improper bolstering and inadmissible hearsay. These contentions are unpreserved for appellate review as the defendant did not object to the testimony on these grounds (*see* CPL 470.05 [2]; *People v Cruz,* 31 AD3d 660, 661 [2006]; *People v Nanton,* 18 AD3d 671, 672 [2005]; *People v Victor,* 271 AD2d 556, 557 [2000]). The defendant also waived these contentions because defense counsel elicited similar testimony

from the police officers on cross-examination and argued during summation that the complainant's description testimony was not credible (*see People v Blackman,* 13 AD3d 640, 641 [2004]; *People v Spragis,* 5 AD3d 814, 815 [2004]). Moreover, contrary to the defendant's contention, this evidence was not hearsay because it was offered not for its truth, but for the jury's evaluation of the opportunity of the complainant and the witness to have observed the crime sufficiently to have been able to report an accurate description of the perpetrator to the police (*see People v Huertas,* 75 NY2d 487, 493 [1990]; *People v Ragunauth,* 24 AD3d 472, 473 [2005]; *People v Ayala,* 298 AD2d 397, 398 [2002]). In any event, any error in admitting this evidence was harmless since there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his conviction (*see People v Crimmins,* 36 NY2d 230, 237 [1975]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Lifson, Covello and Balkin, JJ., concur.