THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIQUAWN MOORE, Appellant. [931 NYS2d 886]—

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the first degree (*see* Penal Law § 125.20 [1]) beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The defendant's intent to cause serious physical injury (*see* Penal Law § 10.00 [10]) may be inferred from his conduct and the surrounding circumstances (*see People v Bracey*, 41 NY2d 296, 301 [1977]; *People v Ramos*, 80 AD3d 716, 716 [2011], *lv granted* 17 NY3d 799 [2011]; *People v Spurgeon*, 63 AD3d 863, 864 [2009]; *see also People v Gill*, 20 AD3d 434, 434-435 [2005]; *People v Vella*, 247 AD2d 642, 643 [1998]).

The defendant argues that the trial court erred in permitting a detective to testify regarding statements he heard the defendant make to another detective, who also testified at trial as to the defendant's statements. The defendant's contentions that

this challenged testimony constituted inadmissible hearsay and improper bolstering are unpreserved for appellate review, as the defendant never objected to the testimony on these grounds (*see* CPL 470.05 [2]; *People v Bryan*, 50 AD3d 1049, 1050 [2008]; *People v Cruz*, 31 AD3d 660, 661 [2006]; *People v Nanton*, 18 AD3d 671, 672 [2005]; *People v Victor*, 271 AD2d 556, 557 [2000]). In any event, the challenged testimony was properly admitted under the exception to the hearsay rule for party admissions (*see People v Johnson*, 93 NY2d 254, 260 [1999]; *People v Valdes*, 66 AD3d 925, 926 [2009]; *People v Nealy*, 32 AD3d 400, 402 [2006]), and did not constitute improper bolstering (*see People v Spicola*, 16 NY3d 441, 452-453 [2011], *cert denied* 565 US —, 132 S Ct 400 [2011]; *People v Buie*, 86 NY2d 501, 510-511 [1995]).

The defendant's contention that the sentence imposed by the Supreme Court improperly penalized him for exercising his right to a jury trial is without merit (*see People v Tannis*, 36 AD3d 635 [2007]; *People v Best*, 295 AD2d 441, 441-442 [2002]; *People v Robinson*, 287 AD2d 582, 582-583 [2001]). Further, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Prudenti, P.J., Skelos, Balkin and Sgroi, JJ., concur.