[969 NE2d 199, 946 NYS2d 83]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RAMOS, Appellant.

Argued March 21, 2012; decided May 1, 2012

*Appellate Advocates*, New York City (*Katherine A. Levine* and *Lynn W.L. Fahey* of counsel), for appellant. The evidence was insufficient to sustain appellant's conviction of first-degree manslaughter because the People failed to establish that he intended to cause serious physical injury to any particular person or persons when he fired indiscriminately into a crowd. (*Jackson v Virginia*, 443 US 307; *In re Winship*, 397 US 358; *People v Wells*, 7 NY3d 51; *People v Fernandez*, 88 NY2d 777; *Matter of Jenna V.*, 55 AD3d 1341; *People v Young Min Kwak*, 29 AD3d 385; *People v Robertson*, 302 AD2d 956; *People v Spaulding*, 247 AD2d 762; *People v Payne*, 3 NY3d 266; *Darry v People*, 10 NY 120.)

*Charles J. Hynes, District Attorney*, Brooklyn (*Jill Oziemblewski* and *Leonard Joblove* of counsel), for respondent. Defendant failed to preserve his claim that the evidence was legally insufficient to support his conviction of first-degree manslaughter. In any event, the evidence was legally sufficient to support that conviction. (*People v Hawkins*, 11 NY3d 484; *People v Gallagher*, 69 NY2d 525; *Matter of Suarez v Byrne*, 10 NY3d 523; *People v Wells*, 7 NY3d 51; *People v Jones*, 41 AD3d 507; *People v Rivera*, 268 AD2d 445; *People v Fernandez*, 88 NY2d 777; *People v Robertson*, 302 AD2d 956; *Jackson v Virginia*, 443 US 307; *People v Rossey*, 89 NY2d 970.)

## OPINION OF THE COURT

Chief Judge LIPPMAN.

The question presented by this appeal is whether there is legally sufficient evidence to sustain defendant's conviction for manslaughter in the first degree. Defendant maintains that there was insufficient evidence that he intended to cause serious physical injury when he fired a gun into a crowd of people. Under the circumstances presented, the evidence was legally sufficient and we therefore uphold the conviction.

Just before midnight on October 2, 2004, defendant was involved in a physical altercation on a Brooklyn street with a woman named Norma. Shortly thereafter, Norma met her brother at a nearby bodega and, together, they returned to the

block to confront defendant. Defendant apparently was on the losing end of their second skirmish and was laughed at by several individuals who witnessed the encounter.

Defendant then obtained a small handgun from a nearby building and proceeded to the corner bodega. At that time of night, the bodega provided service through an open window and there was a group of people waiting outside. Six shots were fired into the crowd and the victim, Harold Mason, was killed. Witnesses saw defendant running from the scene with the gun. He was not arrested until about two years after the shooting. At trial, a witness testified to a conversation he had with defendant about two months after the incident, in which defendant stated, when asked why he shot the victim, that "he was high and drunk, and he blacked out, and he went to the corner and started spraying, shooting." Defendant also indicated that, given the small caliber of his weapon, "[h]e didn't think it would kill anybody."

Defendant was indicted for two counts of intentional second degree murder—one count based on a theory that he intended to kill Mason and the other based on a theory of transferred intent.* Before the case was submitted to the jury, the court granted defendant's motion to dismiss the count that was based on the theory that defendant intended to kill Harold Mason, finding no evidence to support the conclusion that defendant targeted Mason in particular. Defendant also moved to dismiss the transferred intent charge, arguing there was insufficient evidence that he intended to cause the death of a person and, instead, the evidence reflected a reckless act. The court denied the motion to dismiss that count and, over defendant's objection, submitted the lesser included offense of manslaughter in the first degree to the jury (see Penal Law § 125.20 [1] ["A person is guilty of manslaughter in the first degree when . . . [w]ith intent to cause serious physical injury to another person, he causes the death of such person or of a third person"]). At defendant's request, the court also submitted the count of manslaughter in the second degree.

The jury acquitted defendant of second degree murder, but convicted him of first degree manslaughter. The Appellate Division affirmed, finding that there was legally sufficient evidence

---

* Defendant was also indicted for criminal possession of a weapon in the third and fourth degrees, but both of those charges were dismissed prior to deliberations.

to establish defendant's guilt beyond a reasonable doubt (80 AD3d 716 [2d Dept 2011]). A Judge of this Court granted defendant leave to appeal (17 NY3d 799 [2011]) and we now affirm.

In determining whether the evidence is legally sufficient to support defendant's conviction, we must evaluate "whether, 'after viewing the evidence in the light most favorable to the [People], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " (*People v Santi*, 3 NY3d 234, 246 [2004], quoting *Jackson v Virginia*, 443 US 307, 319 [1979]; *see also People v Contes*, 60 NY2d 620, 621 [1983]). Where there is "any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial," the defendant's conviction will be upheld (*People v Bleakley*, 69 NY2d 490, 495 [1987]).

Viewing the evidence in the light most favorable to the People, a reasonable jury could have concluded that defendant fired his gun with the intent to cause serious physical injury and, as a result, caused Mason's death. Based on the trial testimony, the jury could have determined that defendant was embarrassed when he was mocked by the individuals who witnessed his prior altercation on the street. The timing of his retrieval of a gun and his use of it to shoot into a group of people standing outside a nearby bodega, further supports the finding that defendant acted with the requisite intent. Moreover, from defendant's own after-the-fact statement that he did not believe his small caliber weapon would kill anyone, the jury could draw the inference that he did believe shooting the gun would cause serious physical injury and that he intended that result. Under these circumstances, defendant's conviction for manslaughter in the first degree was supported by legally sufficient evidence.

This conclusion is not negated by the possibility that defendant's conduct also might have been deemed consistent with a reckless state of mind. There is no contradiction in saying that a defendant intended serious physical injury, and was reckless as to whether or not death occurred (*see Matter of Suarez v Byrne*, 10 NY3d 523, 540-541 [2008]; *People v Trappier*, 87 NY2d 55, 57 [1995]).

Nor is our holding here inconsistent with our remark that shooting into a crowd is a "[q]uintessential example[ ]" of depraved indifference murder (*see People v Suarez*, 6 NY3d 202,

214 [2005]). The People, not having brought a depraved indifference charge, made no attempt to prove that defendant shot into a crowd without knowing or caring whether he would kill anyone. The People claimed that defendant intended to kill—a contention the jury rejected—and in the alternative that he intended serious physical injury, a contention the jury accepted, and one supported by the evidence.

To the extent that defendant maintains the evidence was legally insufficient under a theory of transferred intent because it failed to establish that he intended to injure a particular person, that argument is not preserved for our review.

Accordingly, the order of the Appellate Division should be affirmed.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed.