THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v USAMA SIDBERRY, Appellant. [951 NYS2d 757]—

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish his guilt of assault in the second degree beyond a reasonable doubt (*see* Penal Law § 120.05 [1]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The evidence was sufficient to establish that the defendant repeatedly punched the victim in the face and head, causing the victim's serious head injuries, and the defendant's intent to cause serious physical injury within the meaning of Penal Law § 10.00 (10) may be inferred from his conduct and the surrounding circumstances (*see People v Ramos*, 19 NY3d 133, 136 [2012]; *People v Bracey*, 41 NY2d 296, 301 [1977]; *People v Moore*, 89 AD3d 769 [2011]; *People v Spurgeon*, 63 AD3d 863, 864 [2009]; *see also People v Seabrooks*, 289 AD2d 515 [2001]).

The defendant's contention, in effect, that the verdict was repugnant because he was acquitted of manslaughter in the first degree in connection with the death of the victim, who died more than two months after the assault, is unpreserved for ap-

pellate review (*see People v Satloff*, 56 NY2d 745, 746 [1982]; *People v Shamsiddeen*, 98 AD3d 694 [2012]; *People v Tharpe*, 92 AD3d 701, 702 [2012]; *People v Hicks*, 88 AD3d 817, 818 [2011]), and, in any event, without merit. Eng, P.J., Rivera, Hall and Sgroi, JJ., concur.