■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRON LOVICK, Appellant. [5 NYS3d 878]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Foley, J.), rendered June 14, 2013, convicting him of robbery in the first degree and assault in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his recitation of the facts

underlying his plea of guilty to assault in the first degree negated the intent element of that offense (*see* Penal Law § 120.10 [1]) and that the Supreme Court's further inquiry into the facts did not cure this defect. Contrary to the People's contention, this argument was not waived by any valid waiver of the defendant's right to appeal, because it implicates the voluntariness of the defendant's plea (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Lopez*, 71 NY2d 662, 666 [1988]). However, the People correctly contend that, since the court conducted a further inquiry into the facts, and since the defendant did not challenge this remedial action, his present contention is unpreserved for appellate review (*see People v Lopez*, 71 NY2d at 668; *People v Antoine*, 59 AD3d 560 [2009]). In any event, the contention is without merit because the defendant's intent to cause serious physical injury (*see* Penal Law § 120.10 [1]) can readily be inferred from the conduct to which the defendant admitted during the court's further inquiry into the facts and from the surrounding circumstances (*see People v Ramos*, 19 NY3d 133 [2012]; *People v Sidberry*, 99 AD3d 818, 818-819 [2012]; *People v Moore*, 89 AD3d 769, 769-770 [2011]; *People v Gill*, 20 AD3d 434, 435 [2005]).

The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (*see People v Bradshaw*, 18 NY3d 257, 264-267 [2011]; *People v Lopez*, 6 NY3d 248, 255-256 [2006]). Skelos, J.P., Balkin, Roman and Hinds-Radix, JJ., concur.