■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER WELCOME, Appellant. [8 NYS3d 582]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dwyer, J.), rendered August 7, 2012, convicting him of course of sexual conduct against a child in the first degree, sexual abuse in the first degree (five counts), sexual abuse in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of his due process right to a fair trial by the admission of certain hearsay statements which improperly bolstered the complainants' testimony. However, the defendant waived this contention because defense counsel elicited similar testimony from witnesses on cross-examination and referenced that testimony

during summation to argue that the People's witnesses were not credible (*see People v Bryan*, 50 AD3d 1049, 1051 [2008]; *People v Blackman*, 13 AD3d 640, 641 [2004]; *cf. People v St. Pierre*, 131 AD2d 520, 521 [1987]).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under the New York Constitution because, viewing defense counsel's performance in totality, counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (*see Strickland v Washington*, 466 US 668 [1984]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to review them in the exercise of our interest of justice jurisdiction. Rivera, J.P., Roman, Sgroi and Duffy, JJ., concur.