■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS ROMERO, Appellant. [39 NYS3d 507]—Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Gerald, J.), rendered October 29, 2013, convicting him of criminal possession of a weapon in the second degree (two counts), assault in the second degree, and reckless

endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the amended judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the prosecutor elicited improper bolstering testimony from police officers is unpreserved for appellate review (*see People v Bryan*, 50 AD3d 1049, 1050 [2008]). The defendant also waived this argument, because defense counsel elicited similar testimony from the police officers on cross-examination and implicitly referenced the testimony in summation to support his argument that the police officers' investigation was inadequate (*see People v Bryan*, 50 AD3d at 1050-1051; *People v Welcome*, 128 AD3d 990, 990-991 [2015]). Moreover, under the circumstances of this case, the testimony at issue was admissible for the relevant purpose of establishing the reasons behind the police officers' actions and explaining the events that precipitated the defendant's arrest (*see People v Mendoza*, 35 AD3d 507, 507 [2006]). Eng, P.J., Balkin, Hall and Barros, JJ., concur.