■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR ANDERSON, Appellant. [47 NYS3d 728]—Appeal by the defendant from a judgment of the Supreme Court, Westchester

County (Warhit, J.), rendered July 15, 2014, convicting him of assault in the second degree and attempted assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant's challenge to the legal sufficiency of the evidence is preserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt (*see* CPL 470.15 [2] [b]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on this count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the trial court did not err in admitting testimony from a police officer about the contents of radio transmissions, as they were admitted to give the jury a complete picture of why police officers were at the scene and to avoid speculation (*see People v Nanton*, 18 AD3d 671 [2005]; *People v Baez*, 7 AD3d 633, 633 [2004]; *People v Burrus*, 182 AD2d 634 [1992]). The trial court's clear limiting instructions to the jury effectively eliminated any risk of prejudice to the defendant (*see People v Nanton*, 18 AD3d 671 [2005]; *People v Baez*, 7 AD3d at 633; *People v Burrus*, 182 AD2d 634 [1992]). The defendant's remaining contentions concerning the radio transmission are unpreserved for appellate review and, in any event, without merit.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Roman, Hinds-Radix and Barros, JJ., concur.