■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL AMAY, Appellant. [65 NYS3d 804]—Appeal by the defendant from a judgment of the County Court, Putnam County (Reitz, J.), rendered November 15, 2011, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's valid waiver of his right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (see People v Thompson, 150 AD3d 1156, 1157 [2017];

*People v Brown*, 116 AD3d 1062, 1062-1063 [2014]). To the extent that the defendant contends that counsel's alleged ineffectiveness affected the voluntariness of his plea, his contention is based, in part, on matter on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109).

The defendant's present challenge to the voluntariness of his plea of guilty, based on his recitation of the facts underlying the crime of murder in the second degree, is unpreserved for appellate review, since further inquiry into the facts was conducted and the defendant did not challenge this remedial action (*see People v Lopez*, 71 NY2d 662, 667-668 [1988]; *People v Lovick*, 127 AD3d 1108, 1108-1109 [2015]). In any event, his challenge is without merit.

The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]). Dillon, J.P., Leventhal, Hinds-Radix and LaSalle, JJ., concur.