People v Diaz (2018 NY Slip Op 05601)





People v Diaz


2018 NY Slip Op 05601


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-04591
 (Ind. No. 2877/15)

[*1]The People of the State of New York, respondent,
v
Nicholas Diaz, appellant.


The Legal Aid Society, New York, NY (William B. Carney of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Rhea A. Grob of counsel; Masha Simonova on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil J. Firetog, J.), rendered April 4, 2016, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
During the plea proceeding, the defendant readily admitted that he intended to cause the victim serious physical injury, but at first denied stabbing the victim, stating, "I didn't stab him, he fall to me." In response, the Supreme Court stated, "[s]ounds like a defense to me," and directed defense counsel to consult with the defendant. When the case was recalled, the court explained to the defendant that if the stabbing was accidental, he could take the case to trial. The court emphasized that the defendant needed to tell the truth and that he should plead guilty only if he had intended to stab the victim and cause him serious physical injury. The defendant then admitted that he had stabbed him in the chest with a sharp letter opener and had intended to cause the victim serious physical injury. On appeal, the defendant contends that his plea of guilty was not voluntary.
The defendant's contention that the "rare case" exception to the preservation requirement is applicable here is without merit (People v Lopez, 71 NY2d 662, 666). After the defendant first stated that he did not stab the victim, the Supreme Court gave the defendant an opportunity to consult with counsel and it then explained to the defendant what the crimes entailed. The defendant said he understood, and he admitted that he had stabbed the victim in the chest, intending to cause him serious physical injury. The defendant did not object to the sufficiency of the court's further inquiry, and he did not move to withdraw his plea of guilty. Accordingly, his contention that his plea was not knowing and voluntary and that the court failed to adequately inquire into the voluntariness of his plea is unpreserved for appellate review (see People v Squitieri, 157 AD3d 911, 911; People v Amay, 156 AD3d 895, 896; People v Nolasco, 149 AD3d 875, 875; People v Lovick, 127 AD3d 1108, 1108-1109). In any event, the court's colloquy with the defendant established that the plea was knowing, voluntary, and intelligent (see People v Lopez, 71 NY2d at 667; People v Ullah, 130 AD3d 759, 760; cf. People v Thomas, 159 AD2d 529, 530).
The defendant's remaining contention is without merit.
BALKIN, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court