People v Garcia (2018 NY Slip Op 06936)





People v Garcia


2018 NY Slip Op 06936


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-12907
 (Ind. No. 1924/15)

[*1]The People of the State of New York, respondent,
v
Wilson Garcia, appellant.


Martin Geoffrey Goldberg, Franklin Square, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Kevin C. King and Michael J. Balch of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), rendered November 22, 2016, convicting him of assault in the first degree (two counts), assault in the second degree (two counts), robbery in the first degree (two counts), robbery in the second degree, robbery in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that certain challenged testimony constituted improper bolstering is unpreserved for appellate review, as the defendant did not object to the testimony on this ground (see CPL 470.05[2]; People v Moore, 89 AD3d 769, 769-770; People v Bryan, 50 AD3d 1049, 1050). In any event, the challenged testimony was properly admitted and did not constitute improper bolstering (see People v Spicola, 16 NY3d 441, 452-453; People v Buie, 86 NY2d 501, 510-511; People v Moore, 89 AD3d at 769-770).
Contrary to the defendant's contention, the Supreme Court properly admitted into evidence testimony regarding certain statements made by the defendant, as those statements constituted adoptive admissions of the defendant (see People v Campney, 94 NY2d 307, 311-312).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
LEVENTHAL, J.P., BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court