People v Hall (2019 NY Slip Op 00142)





People v Hall


2019 NY Slip Op 00142


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2014-10882
 (Ind. No. 413/13)

[*1]The People of the State of New York, respondent,
v
Dequan Hall, appellant.


Paul Skip Laisure, New York, NY (Samuel Brown of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Terrence F. Heller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered November 6, 2014, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court erred in denying an independent source hearing as to the shooting victim, who viewed a surveillance video depicting the defendant and other individuals taken shortly before the shooting, is without merit. There was nothing inherently suggestive in showing the victim the surveillance video depicting the defendant and other individuals, as the defendant was not singled out, portrayed unfavorably, or in any other manner prejudiced by police conduct or comment, or by the setting in which the defendant was taped (see People v Edmonson, 75 NY2d 672, 674; People v Perri, 162 AD3d 1487; People v Davis, 115 AD3d 1167). Moreover, the victim's viewing of the video was not an identification procedure within the meaning of CPL 710.30 (see People v Gee, 99 NY2d 158, 162).
The defendant's contention that the testimony of four police officers as to the description they received of the shooter constituted improper bolstering is unpreserved for appellate review, as he did not raise this argument before the Supreme Court (see People v Nanton, 18 AD3d 671; People v Victor, 271 AD2d 556). Furthermore, the defendant's contention was waived when defense counsel elicited similar testimony on cross-examination (see People v Romero, 143 AD3d 1003; People v Bryan, 50 AD3d 1049).
In any event, the police testimony did not constitute improper bolstering. The descriptions of the shooter were admissible, as they were offered not for the truth of the descriptions, but were probative of the witnesses' ability to observe and remember the perpetrator, and thus were relevant to the accuracy of the identifications they made (see People v Huertas, 75 NY2d 487, 492). The brief recitation by the officers of the descriptions of the shooter given by the witnesses in the [*2]immediate aftermath of the shooting was not likely to give the jury the false impression that there was "an impressive amount of testimony" corroborating the witnesses' accounts (People v Smith, 22 NY3d 462, 467).
The defendant's contention that he was deprived of a fair trial by certain comments made by the prosecutor during her summation is without merit (see People v Hugginis, 163 AD3d 719).
The defendant was not deprived of the effective assistance of counsel. The evidence, the law, and the circumstances of this particular case, viewed in totality and as of the time of the representation, show that counsel provided meaningful representation (see People v Baldi, 54 NY2d 137, 147).
In view of the serious nature of the offense and the defendant's criminal history, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court