People v Walker (2020 NY Slip Op 07110)





People v Walker


2020 NY Slip Op 07110


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2013-05608
 (Ind. No. 4365/11)

[*1]The People of the State of New York, respondent,
v
Marell Walker, appellant.


Janet E. Sabel, New York, NY (Harold V. Ferguson, Jr., of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Seth M. Lieberman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sheryl L. Parker, J.), rendered May 20, 2013, convicting him of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the facts, by vacating the conviction of attempted murder in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
Contrary to the defendant's contention, he was not deprived of his right to confront witnesses (see US Const 6th Amend; NY Const, art I, § 6) when a testifying eyewitness invoked his privilege against self-incrimination in refusing to answer certain questions regarding subsequent charges against him for attempted murder. Those questions related to the eyewitness's general credibility and not to the subject of the direct examination or to any potential interest or bias on the part of the eyewitness (see People v Chin, 67 NY2d 22, 28-29). The defendant's theory that the subsequent incident in which the eyewitness was involved was related to the instant offense, and thus not collateral, was entirely speculative.
The defendant's contention that the admission of certain DNA evidence at trial violated his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution (see People v John, 27 NY3d 294) is unpreserved for appellate review (see CPL 470.05[2]), and we decline to review this issue in the exercise of our interest of justice jurisdiction.
The defendant failed to preserve his contention that testimony by a police witness regarding the defendant's refusal to reduce his oral statement to writing or to give a videotaped statement violated his privilege against self-incrimination and state evidentiary law (see id.). In any event, the defendant waived his challenge to the testimony by eliciting on cross-examination further testimony regarding the lack of a written or videotaped statement in order to challenge the credibility of the police witness's testimony regarding the content of the oral statement (see People v Romero, 143 AD3d 1003, 1004; People v Bryan, 50 AD3d 1049, 1051).
Considering the law as of the time of the representation (see People v Wright, 25 [*2]NY3d 769, 779; People v Hall, 168 AD3d 761, 762), defense counsel was not ineffective for failing to request a Frye hearing (see Frye v United States, 293 F 1013) or object to the admission of certain DNA evidence (see People v Rodriguez, 31 NY3d 1067, 1068; People v Mitchell, 47 AD3d 843, 844).
The defendant contends that his convictions of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree were against the weight of the evidence. In conducting weight of the evidence review, the Appellate Division serves as a "second jury" (People v Delamota, 18 NY3d 107, 117) and "decides which facts were proven at trial" (People v Danielson, 9 NY3d 342, 348). "Necessarily, in conducting its weight of the evidence review, a court must consider the elements of the crime, for even if the prosecution's witnesses were credible their testimony must prove the elements of the crime beyond a reasonable doubt" (id. at 349).
Here, upon the exercise of our factual review power, we conclude that the convictions of murder in the second degree and the two counts of criminal possession of a weapon in the second degree were not against the weight of the evidence. However, the conviction of attempted murder in the second degree was not supported by the evidence. "A person is guilty of murder in the second degree when . . . [w]ith intent to cause the death of another person, he causes the death of such person or of a third person" (Penal Law § 125.25[1]). "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime" (Penal Law § 110.00).
Here, an eyewitness testified in detail regarding the defendant's act of shooting and killing the eyewitness's brother, and the circumstances leading up to that act. While the eyewitness's detailed testimony in this regard demonstrated, beyond a reasonable doubt, that the defendant was guilty of murder in the second degree, the defendant's conviction of attempted murder in the second degree was based solely on the eyewitness's subsequent testimony that, after his brother was shot, the eyewitness moved toward the defendant and the defendant shot at him three times but missed. There was no evidence adduced regarding the circumstances surrounding the conduct on which the attempted murder charge was based, including whether the defendant was facing the eyewitness when he fired the shots, whether the defendant was standing still or walking or running away, or where he was aiming the gun. In the absence of such facts, the People did not prove, beyond a reasonable doubt, that the defendant acted with intent to cause the eyewitness's death. Without such factual development, for example, it is just as likely that the defendant intended merely to deter the eyewitness from following him or to injure the eyewitness. Indeed, although the eyewitness testified that he was standing about three feet from the defendant when the defendant shot his brother, and that he moved toward the defendant after his brother was shot, none of the subsequent three shots hit the eyewitness. Furthermore, other than a deformed bullet, the caliber of which could not be determined, found down the block, there was no ballistics evidence found in the area of the shooting. Accordingly, we vacate the conviction of attempted murder in the second degree and dismiss that count of the indictment.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
BALKIN, J.P., COHEN, MALTESE and WOOTEN, JJ., concur.

2013-05608
The People, etc., respondent,
v Marell Walker, appellant.
(Ind. No. 4365/11)

Motion by the respondent, inter alia, to strike the appellant's reply brief or stated portions of the appellant's reply brief on an appeal from a judgment of the Supreme Court, Kings County, rendered May 20, 2013. By decision and order on motion of this Court dated May 22, 2020, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which was to strike the appellant's reply brief or stated portions of the appellant's reply brief is granted to the extent that the last paragraph of page two and the entirety of page three of the reply brief are stricken, and those portions of the reply brief have not been considered in the determination of the appeal, and that branch of the motion is otherwise denied.
BALKIN, J.P., COHEN, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court